UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID VORDERBRUEGGE,

Plaintiff,

v.

WAL-MART ASSOCIATES, INC.,

Defendant.

Case No. 1:26-cv-03846-KES-CDB

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND TO PROSECUTE THE CASE

(Doc. 8)

**14-DAY OBJECTION PERIOD**

ORDER VACATING SEPTEMBER 3, 2026, SCHEDULING CONFERENCE

(Docs. 5, 8)

Plaintiff David Vorderbruegge ("Plaintiff") initiated this action with the filing of a complaint against Defendant Wal-mart Associates, Inc. ("Defendant") in state court on April 15, 2026, before Defendant removed the case to this Court on May 18, 2026. (Doc. 1). On May 19, 2026, the Court ordered the parties to appear for scheduling conference on August 18, 2026, and directed the parties to file a joint scheduling conference statement in compliance with the procedures set forth in the Order Setting Mandatory Scheduling Conference (*i.e.*, to be filed no later than August 11, 2026). (Doc. 5).

After the parties failed to comply with the Court's order to timely file their joint scheduling conference statement, on August 13, 2026, the Court vacated and reset the scheduling conference

for September 3, 2026, and ordered Plaintiff to show cause ("OSC") in writing no later than August 17, 2026, why sanctions should not be imposed for his failure to comply with the Court's order to timely file a joint scheduling conference statement. (Doc. 8). The Court admonished that any failure by Plaintiff to timely comply with the order will result in the imposition of sanctions, including financial sanctions and/or a recommendation to dismiss the action. *Id.*

As evidenced by the notice of electronic filing receipt (excerpted below), counsel for Plaintiff was served via CM/ECF with a copy of the Court's order:

**U.S. District Court**

**Eastern District of California - Live System**

**Notice of Electronic Filing**

The following transaction was entered on 8/13/2026 at 4:38 PM PDT and filed on 8/13/2026
**Case Name:** Vorderbruegge v. Wal-Mart Associates, Inc.
**Case Number:** 1:26-cv-03846-KES-CDB
**Filer:**
**Document Number:** 8(No document attached)

**Docket Text:**
**MINUTE ORDER signed by Magistrate Judge Christopher D. Baker on 08/13/2026: On May 19, 2026, the Court ordered the parties to appear for scheduling conference on August 18, 2026, and directed the parties to file a joint scheduling conference statement in compliance with the procedures set forth in the Order Setting Mandatory Scheduling Conference (i.e., to be filed no later than August 11, 2026). (Doc. [5]). The parties have failed to comply with the Court's order to timely file their joint scheduling conference statement. Accordingly, it is HEREBY ORDERED that the scheduling conference is VACATED and reset for September 3, 2026, at 09:00 AM. And it is FURTHER ORDERED that Plaintiff shall SHOW CAUSE in writing no later than August 17, 2026, why sanctions should not be imposed for his failure to comply with the Court's order to timely file a joint scheduling conference statement. Any failure by Plaintiff to timely comply with this Order will result in the imposition of sanctions, including financial sanctions and/or a recommendation to dismiss the action. (Deputy Clerk CRB)**

**1:26-cv-03846-KES-CDB Notice has been electronically mailed to:**

Arpine Sislyan asislyan@lfecr.com

Michelle Chea michelle.chea@dinsmore.com, Jessica.Zampitella@dinsmore.com, Michael.Kerr@Dinsmore.com

Rachel L. McClintock rachel.mcclintock@dinsmore.com, heather.norton@dinsmore.com

Nevertheless, Plaintiff has failed to file any response to the Court's OSC, and the time to do so has expired. For the reasons set forth below, the undersigned will vacate the scheduling conference set for September 3, 2026 (Docs. 5, 8) and recommend that the Court dismiss this action without prejudice for Plaintiff's failure to comply with the Court's orders and to prosecute the case.

<u>**Governing Legal Standards**</u>

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure

to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiff has failed to comply with the Court's orders and failed to prosecute the action. Specifically, Plaintiff has failed to timely respond to the Court's OSC why sanctions should not be imposed for his failure to timely file a joint scheduling conference statement. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's compliance with the Court's August 13, 2026, OSC to explain his delinquency in failing to timely file a joint scheduling conference statement to allow the Court to schedule this case. (Doc. 8). The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition

on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He instead has failed to comply with this Court's orders and by such conduct is impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause, requiring a response from Plaintiff, cautioned: "Any failure by Plaintiff to timely comply with this Order will result in the imposition of sanctions, including financial sanctions and/or a recommendation to dismiss the action." (Doc. 8).

Plaintiff was adequately forewarned that their failure to timely respond to the OSC could result in a recommendation for imposing terminating sanctions. Having considered and balanced the equities noted above, because Plaintiff has failed to comply with this Court's orders and failed to prosecute the action, the undersigned will recommend dismissal of this action.

**Conclusion and Recommendation**

Accordingly, it is **HEREBY ORDERED** that the scheduling conference set for September 3, 2026 (Docs. 5, 8) is VACATED.

And the undersigned **RECOMMENDS** that:

1. The Court DISMISS this action without prejudice for Plaintiff's failure to to comply with the Court's orders and to prosecute this action. *See* Local Rule 110.
2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave

of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 18, 2026**

UNITED STATES MAGISTRATE JUDGE